IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:15-cv-02162-RPM-CBS

MJA, Inc., dba PRIMETIME SPORTS BAR

    Plaintiff

v.

WESTERN WORLD INSURANCE COMPANY

    Defendant

---

**PLAINTIFF'S MOTION TO CERTIFY A QUESTION OF LAW TO THE COLORADO SUPREME COURT PURSUANT TO C.A.R. 21.1**

---

COMES NOW, Plaintiff, through his attorneys, hereby moves the court to certify a question of law to the Colorado Supreme Court pursuant to C.A.R. 21.1, and as grounds states as follows:

**CERTIFICATE OF CONFERRAL**

Undersigned counsel hereby certifies that he has conferred with Matthew Biscan, attorney for Defendant, and Mr. Biscan opposes this motion.

**I.  BACKGROUND**

This is a breach of contract, bad faith breach of an insurance contract, and a violation of C.R.S. §10-3-1115, 1116 case that arises out of an insurance policy that was issued by Defendant to Plaintiff and was then cancelled by Defendant prior to the date that the policy was scheduled to end by its terms.  Plaintiff was a new business when it purchased an insurance policy with Defendant with coverage from October 13, 2012 to October 13, 2013.  Prior to

issuing Plaintiff the insurance policy, Defendant had Plaintiff fill out an application. *See* Plaintiff's Response to Defendant's Motion to Dismiss Under Fed.R.Civ.P. 12(b)(6), Exhibit 1.

On July 18, 2013, Defendant mailed to Plaintiff a "Notice of Cancellation" stating that the insurance policy that Defendant issued to Plaintiff would be cancelled on August 19, 2013 and gave Plaintiff as the reason for cancellation, "substancial increase in the risk, unknown at issuance." *See* Plaintiff's Response, Exhibit 2.

After Defendant issued the insurance policy to Plaintiff, two different lawsuits were filed against Plaintiff in Denver District Court as the result of Plaintiff allegedly serving alcohol to a visibly intoxicated Rebecca Maez on August 31, 2013. Defendant refused to defend Plaintiff in these lawsuits based upon its cancellation of the insurance policy that was issued to Plaintiff. As a result of the above-referenced failure of Defendant to provide a defense in the lawsuits, Plaintiff retained counsel, Joseph Elio, Esq. of Law One, to defend the lawsuits. Because Plaintiff could not continue paying attorney's fees to defend it on the above-referenced lawsuits and could not afford to pay any likely judgment against it in the lawsuits, Plaintiff stipulated to the entry of judgment against it and in favor of Lori Monson in the amount of $280,810.00 plus post-judgment interest.

Defendant filed a Motion to Dismiss Under Fed.R.Civ.P. 12(b)(6), and alleged that Plaintiff had failed to state a claim upon which relief may be granted because Defendant complied with the terms of the insurance policy regarding cancellation.

Plaintiff filed a Response to Defendant's Motion to Dismiss Under Fed.R.Civ.P. 12(b)(6), and argued that Colorado would likely recognize Plaintiff's claim for breach of the duty of good faith and fair dealing based upon Defendant's cancellation of the insurance policy issued to Plaintiff, citing *Ballow v.PHICO Ins. Co.*, 875 P.2d 1354, 1362-63 (Colo. 1993). In *Ballow,* the

Colorado Supreme Court reversed the Colorado Court of Appeals and held that an insurer has a duty of good faith toward its insureds in the non-renewal or negotiation context. *PHICO* had argued that insurance bad faith does not apply outside the claim context, and the court noted that "[i]t is the nature of the relationship created by the insurance contract, rather than the activity involved, which determines if the duty of good faith and fair dealing exists." *Id*. at 1363. The court also cited C.R.S. §10-1-101, noting that all persons providing insurance services to the public must 'be at all times actuated by good faith in everything pertaining thereto.' "This duty is not limited, as *PHICO* argues, merely to the claims or cancellation context. Instead, the duty as formulated by the General Assembly is a broad and wide-ranging one, extending to 'everything pertaining' to the provision of insurance services to the public." *Id*. at 1363.

Defendant, in its Reply in Support of Motion to Dismiss Under Fed.R.Civ.P. 12(b)(6), tried to argue that because Defendant is a "surplus lines insurer", it "may cancel a commercial lines policy for any reason, consistent with the provisions of the policy." *See* Defendant's Reply, p. 4.

Defendant also tried to rely upon *Lira v. Shelter Ins. Co.*, 913 P.2d 514, 516 (Colo. 1996) in support of its allegation that "[a]ny duty of good faith and fair dealing imposed upon Western World must be predicated on its contractual responsibility and must follow within the scope of its obligations under the Policy." *See* Defendant's Reply, p. 5.

It should be noted by this court that *Dunn v. American Family Insurance*, 251 P.3d 1232 (Colo. App. 2010) was decided after *Lira*. In *Dunn*, the Colorado Court of Appeals cited *Ballow* in holding that "Colorado recognizes the viability of a claim of bad faith even if the express terms of the contract had been honored by the insurer. Thus, any actions pertaining to the investigation and handling of a claim, an insurer acting unreasonably, and with knowledge or

reckless disregard, may be held liable in tort for the breach of the covenant of good faith and fair dealing." *Id.* at 1235. *See also Pham v. State Farm Mut. Auto. Ins. Co.*, 70 P. 3d 567, 572 (Colo. App. 2003) ("Bad Faith breach of an insurance contract encompasses the entire course of the conduct - - -").

## II. QUESTION OF LAW THAT PLAINTIFF SEEKS TO HAVE CERTIFIED

Plaintiff requests that this court certify the following question of law to the Colorado Supreme Court:  Does Colorado law, recognize the claim for bad faith breach of an insurance contract against a surplus lines insurer based upon the insurer's cancellation of an insurance policy mid-term?

## III. LEGAL ARGUMENT

In *Nguyen v. American Family Mut. Ins. Co.*, Civil Action No. 15-cv-0639-WJM-KLM, decided October 8, 2015, Judge William J. Martinez noted that parties seeking a binding state court decision should file their lawsuit in state court, even if they know that the defendant might remove. Plaintiff originally filed this lawsuit in Denver District Court and Defendant removed it to this court. Judge Martinez also stated that in that case, the plaintiffs' choice to file in federal court *and* seek certification to the Colorado Supreme Court "smacks of pure gamesmanship".

Despite Judge Martinez' concerns in *Nguyen,* he still certified to the Colorado Supreme Court questions regarding whether Colorado's "Med-Pay statute", C.R.S. §10-4-635, prohibits an insurer from imposing a time limit on coverage provided under the Med-Pay statute. Judge Martinez reasoned that "[o]nly the Colorado Supreme Court can provide an authoritative statement binding in both federal and Colorado courts." A copy of *Nguyen* is attached as *Exhibit 1* and incorporated by reference herein.

Defendant, in its Reply in Support of Motion to Dismiss Under Fed.R.Civ.P. 12(b)(6), attempts to rely upon Colorado statutes that exempt surplus lines carriers from certain notice requirements, such as C.R.S.§10-4-109.7(3),  C.R.S.§10-4-110.(6),  C.R.S.§10-4-110.5(3) and C.R.S.§10-4-118.  Defendant attempts to argue that based upon the foregoing statutes, Colorado would not recognize a claim for bad faith breach of an insurance contract based upon a surplus lines insurer's cancellation of an insurance policy.   Defendant appears to argue that because the General Assembly has exempted surplus lines insurers from certain notice requirements, it must be implied that a bad faith breach of an insurance contract claim against a surplus lines insurer as a result of the insurer's cancellation of an insurance policy would not be legally cognizable in Colorado.  However, while the General Assembly was certainly capable of passing a law that barred bad faith claims against a surplus lines insurer in this instance, or amending C.R.S. §10-1-101 to provide an exception for surplus lines insurers, it chose not to do so.  *See Shelter Mut. Ins. Co. v. Mid-Century Ins. Co.*, 246 P.3d 651, 655 (Colo. 2011)("The plain language of Colorado's mandatory-insurance laws does not establish a primary-insurer requirement, and the legislature clearly knew how to establish such a requirement had it desired to do so.").

Defendant also appears to argue that *Ballow v. PHICO Ins. Co.,* 875 P.2d 1354, 1362-1363 (Colo. 1993) is not dispositive in this matter, even though the Colorado Supreme Court was quite clear in holding that in Colorado, an insurer's duty of good faith and fair dealing is not limited merely to the claims or cancellation context, but "[i]nstead, the duty as formulated by the General Assembly, is a broad and wide-ranging one, extending to 'everything pertaining' to the provision of insurance services to the public." *Id.* at 1563.  In *Ballow*, the court agreed that as a general principle, an insurer may choose to non-renew an insured for any reason, but also held

that "an insurer is required to act in good faith when carrying out its decision not to renew either a single insured or entire blocks of insurance." *Id.* at 1363.

In the instant case, as noted in *Nguyen,* "[c]ertainty and predictability are of particular importance in the insurance context, both for insurers and insureds. The Court therefore concludes that an authoritative statement is the better option. Only the Colorado Supreme Court can provide an authoritative and binding decision in both federal and Colorado courts" citing *Clark v. State Farm Mut. Auto Ins. Co*., 319 F.3d 1334, 1340-41 (10th Circuit 2003)(federal courts sitting in diversity are not bound by the decisions of state intermediate appellate courts). Moreover, as also noted in *Nguyen,* "any resolution will likely come down to a true balancing of various policies. The Colorado Supreme Court is far more competent to make such judgments than a federal court sitting in diversity."

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this court grant Plaintiff's Motion for Certification of a Question of Law Pursuant to C.A.R. 21.1.

Respectfully Submitted,

*Duly signed original signature available at the Office of Richard M. Crane.*

/s/*Richard M. Crane*
Richard M. Crane
675 Kalamath Street
Denver, Colorado 80204
Phone: (303) 573-5731
Fax: (303) 893-6474
rick@richardcranelaw.com
Atty. Reg. # 11218

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2015, I electronically filed the foregoing **PLAINTIFF'S MOTION TO CERTIFY A QUESTION OF LAW TO THE COLORADO SUPREME COURT PURSUANT TO C.A.R. 21.1** with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following e-mail addresses:

*Attorneys for Western World Insurance Company*
Matthew Y. Biscan, Esq.
Satriana & Biscan, LLC
720 S. Colorado Blvd., Suite 452-S
Denver, CO 80246
303-515-6800
Fax: 303-515-6850
Email: biscan@sbattys.com

*Co-counsel for Plaintiff*
Joseph M. Elio, Esq.
Law One
1444 Blake Street
Denver, CO
Phone: (303) 831-8313
Fax: (303) 292-1956
jelio@elawone.net

*Duly signed original signature available at the offices of Richard M. Crane*

/s/*Rebecca Cameron*
Rebecca Cameron